710 So.2d 259 (1997)
Harold COUTCHER
v.
LOUISIANA LOTTERY CORPORATION.
No. 97 CW 0666.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
Writ Denied February 13, 1998.
Clement P. Donelon, Metairie, for Plaintiff-Respondent Harold Coutcher.
Thomas H. Kiggans, Baton Rouge, for Defendant-Relator Louisiana Lottery Corporation.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
The question presented by this writ application is whether an aggrieved individual is required to file a charge of discrimination with the Louisiana Commission on Human Rights (LCHR), La. R.S. 51:2231 et seq., prior to instituting a civil lawsuit based on said claims. From a judgment overruling its exceptions as to prematurity and prescription, defendant-relator now seeks relief from this court.
On appeal, defendant-relator, the Louisiana Lottery Corporation, contends that plaintiff-respondent's claims are premature because plaintiff failed to file a charge of discrimination with LCHR before instituting this action, and that accordingly, plaintiff's claims are now time-barred. Conversely, plaintiff-respondent argues that the provisions of La. R.S. 51:2231 et seq. do not mandate that an individual file a charge with the LCHR and exhaust his administrative remedies as a prerequisite to his filing of a lawsuit under La. R.S. 51:2264.
The trial judge, in overruling the exceptions, stated:
Gentlemen, I'll tell you, I struggled with this quite a bit over the weekend and again this morning, looking at this case.
In reviewing the statutes, I firmly believe it was the legislature's intent to have this go to an administrative process; however, the language is just not there in the statute. I can get around the "may" in the first part of the statute [La. R.S. 51:2257.A[1]], under the argument that "may" means you can abandon your claim or bring a claim. Unfortunately, with the wording in [La. R.S. 51:] 2264[2] where the *260 legislature had an opportunity to make it clear that an administrative remedy was required, they didn't do so.
I'm going to overrule the exceptions.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the trial court, and deny the writ at defendant-relator's costs.
WRIT DENIED.
NOTES
[1] La.R.S. 51:2257.A provides:

A. An individual claiming to be aggrieved by an unlawful practice, a member of the commission, or the attorney general may file with the commission a written sworn complaint stating that an unlawful practice has been committed, setting forth the facts upon which the complaint is based, and setting forth facts sufficient to enable the commission to identify the persons charged, hereinafter referred to as the "respondent". The commission staff or a person designated pursuant to its rules shall promptly investigate the allegations of unlawful practice set forth in the complaint and shall within five days furnish the respondent with a copy of the complaint. The complaint shall be filed within one hundred eighty days after the alleged unlawful practice occurs.
[2] La.R.S. 51:2264 provides:

Any person deeming himself injured by any alleged violation of the provisions of this Chapter shall have a civil cause of action in district court to enjoin further violations and to recover the actual damages sustained by him, together with the costs of court and a reasonable fee for his attorney of record, all of which shall be in addition to any other remedies contained in this Chapter.